1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   LEO A. BAUTISTA, SB#149889
2    leo.bautista@lewisbrisbois.com
   JOSHUA S. HODAS, SB#250802
3    josh.hodas@lewisbrisbois.com
   AVIRAM E. MUHTAR, SB#260728
4    aviram.muhtar@lewisbrisbois.com
   MARIA L. GARCIA, SB# 276135
5    maria.l.garcia@lewisbrisbois.com
   633 W. 5th Street, Suite 4000
6  Los Angeles, CA 90071
   Telephone: 213.250.1800
7  Facsimile: 213.250.7900
   Attorneys for Douglas Cavanaugh and Ralph Kosmides
8

9              **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

11 | In re                              | Case No.: 8:21-cv-00845
12 | RUBY'S DINER, INC., a California corporation, et al., | Bankruptcy Court Case No. 8:18-bk-13311-SC (Chapter 7)
13 |                                    | Adv. No. 8:21-ap-01014-SC
14 |        Debtors.                    | (Jointly Administered With Case Nos. 8:18-bk-13197-SC; 8:18-bk-13198-SC; 8:18-bk-13199-SC; 8:18-bk-13200-SC; 8:18-bk-13201-SC; 8:18-bk-13202-SC)
15 |
16 | RICHARD A. MARSHACK, Chapter 7 Trustee, | **NOTICE OF MOTION AND MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
17 |        Plaintiff,
18 |        vs.
19 | DOUGLAS CAVANAUGH, an individual; RALPH KOSMIDES, an individual; BEACHCOMBER MANAGEMENT CRYSTAL COVE, LLC, a California Limited Liability Company; LIGHTHOUSE CAFE, LLC, a California Limited Liability Company; BEACHCOMBER AT CRYSTAL COVE, LLC, a California Limited Liability Company; and SHAKE SHACK CRYSTAL COVE, LLC, a California Limited Liability Company, | Hearing Date:  To be set / Time:  To be set / Dept:  To be set / Judge: To be set

**JURY TRIAL DEMANDED**

        Defendants.

4827-7841-5592.6

**MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT**

**TO THE UNITED STATES DISTRICT COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure ("FRBP") 5011, Local Bankruptcy Rule 5011-1, and Central District of California Local Bankruptcy Rule 9 (5011) and on a date and time to be determined by the Court,  Defendants, ("Mr. Cavanaugh") and Ralph Kosmides ("Mr. Kosmides" and, together with Mr. Cavanaugh, the "Movants" ), the founders, former officers, and equity owners of Ruby's Diner, Inc., a California corporation ("RDI"), and defendants in the above-captioned adversary proceeding pending before the Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), Santa Ana Division (Adv. Case No. 8:21-ap-01014-SC) (the "Adversary Proceeding") respectfully move the Court for an order withdrawing the automatic reference to the Bankruptcy Court of the Adversary Proceeding filed by the Chapter 7 Trustee Richard A. Marshack (the "RDI Trustee", or the "Plaintiff") of the bankruptcy estate of RDI (Bankr. Case No. 8:18-bk-13311-SC) (the "Bankruptcy Case")[1] against the Movants, among others (the "Motion") on the following grounds:

(a) The Motion is timely as the Adversary Proceeding has just commenced and Defendants have yet to file their responsive pleadings. *See infra* Section IV(A).

(b) Withdrawal of the reference to the Bankruptcy Court is mandatory pursuant to 28 U.S.C. § 157(d) because resolution of the proceedings requires substantial and material interpretation and consideration of Title 26 of the United States Code (the "Internal Revenue Code" or "IRC"). Specifically, Plaintiff asserts that by "standing in the shoes" of the Internal Revenue Service (the "IRS") pursuant to 11 U.S.C. § 544(b), Plaintiff may wield all the rights and remedies of the IRS against the Defendants. Plaintiff's

---

[1] The Bankruptcy Case is being jointly administered with the cases of an additional six affiliated companies that have each filed their own petitions for relief (hereinafter, RDI, together with the six jointly administered affiliated debtors, the "Debtors").

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    entitlement to assert the powers of the IRS under the Internal Revenue Code

2    requires resolution of whether (i) the immunity provided to the IRS from

3    state statutes of limitations can only apply to the IRS itself because such

4    immunity is a public right which the Plaintiff is prohibited from

5    appropriating; and, (ii) the assessment of a tax is a necessary prerequisite to

6    the initiation of a suit to collect on such tax pursuant to the IRC. Both of

7    the aforesaid issues have been the subject of much debate and remain

8    unresolved in this Circuit. *See infra* Section IV(B).

9    (c)  Even if withdrawal of the reference were merely permissive, considerations

10   of the efficient use of judicial resources, the delay and costs to the parties,

11   the uniformity of the bankruptcy administration, the prevention of forum

12   shopping, and other related factors all weigh in favor of this Court's

13   exercise of its discretion to presently withdraw the reference. Movants are

14   not seeking withdrawal of the reference as to the Bankruptcy Case itself

15   but, rather, only as to the Adversary Proceeding. The bankruptcy judge that

16   has presided over the Bankruptcy Case will likely need be recused from

17   presiding over the Adversary Proceeding (on account of his having

18   previously served as a mediator on the issues presented in the Adversary

19   Proceeding) and, therefore, the Bankruptcy Court will have no more

20   familiarity with the matter than the District Court. Given that the parties

21   have sought a jury trial and have not consented to the Bankruptcy Court's

22   jurisdiction for the trial, necessitating that this Court will ultimately have to

23   become familiar with the Adversary Proceeding. Finally, the Complaint is

24   predominated by non-core claims, the core bankruptcy claims are not

25   complex in application, and the core bankruptcy claims are not only based

26   on the same facts as the non-core claims, but also, in large part, require a

27   preceding determination of liability on the non-core claims. *See infra*

28   Section IV(C).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7841-5592.6

2

MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT

1       This Motion is based on the annexed Memorandum of Points and Authorities;

2   the Declaration of Douglas Cavanaugh, and the Request for Judicial Notice in support

3   of the Motion all filed concurrently herewith, and all papers, pleadings, and records

4   on file in this proceeding.

5       This Motion is made following the conferences of counsel pursuant to Local

6   Civil Rule 7-3 which took place between April 28, 2021 and April, 30, 2021.

7

8   DATED: May 6, 2021        LEWIS BRISBOIS BISGAARD & SMITH LLP

9

10          By:         */s/ Leo A. Bautista*

11                  LEO A. BAUTISTA
                Attorney for Douglas Cavanaugh and

12                  Ralph Kosmides

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

I.   STATUTORY PREDICATES ................................................................. 1

II.  RELIEF REQUESTED ...................................................................... 1

III. STATEMENT OF FACTS .................................................................. 1

    A.   The Bankruptcy Cases. ............................................................ 1

    B.   The Adversary Complaint. ....................................................... 5

IV. ARGUMENT ................................................................................ 8

    A.   This Motion is Timely Filed. ..................................................... 8

    B.   Withdrawal of the reference of the Adversary Proceeding is Mandatory. ..... 8

    C.   Even If Withdrawal of the Reference Were Merely Permissive, the Court Should Exercise its Discretion to Withdraw the Reference of the Adversary Proceeding ........................................................... 11

V.   CONCLUSION ............................................................................. 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*In re Bill Johnson's Rests., Inc.*,
   No. 2:14-cv-00872-HRH, 2016 U.S. Dist. LEXIS 180701 (D. Ariz.
   Dec. 30, 2016) ....................................................................................... 13, 15

*Bradford v. Bank of Eastern Oregon (In re Bradford)*,
   2019 U.S. Dist. LEXIS 1976 (D. Idaho 2019) ..................................... 14

*Hillen v. City of Many Trees, LLC (In re CVAH, Inc.)*,
   570 B.R. 816 (Bankr. D. Idaho 2017) ................................................. 11

*Marshack v. Castanon (In re Luminance Recovery Ctr., LLC)*,
   2021 U.S. Dist. LEXIS 55460 ............................................................. 13

*Mukamal v. Citibank N.A. (In re Kipnis)*,
   555 B.R. 877 (Bankr. S.D. Fla. August 31, 2016) ............................... 10

*One Longhorn Land I, L.P. v. Presley*,
   529 B.R. 755 (C.D. Cal. 2015) ............................................................ 10

*Security Farms v. Int'l Bhd. of Teamsters*,
   124 F.3d 999 (9th Cir. 1997) ............................................................ 8, 11

*United States v. G-I Holdings, Inc. (In re G-I Holdings, Inc.)*,
   295 B.R. 222 (D.N.J. 2003) ................................................................... 9

*Wagner v. Ultima Hofmes, Inc. (In re Vaughan Co., Realtors)*,
   498 B.R. 297 (Bankr. D.N.M. 2013) ................................................... 10

**Statutes**

11 U.S.C. § 505................................................................................................. 9

11 U.S.C. § 510(c) ........................................................................................... 6

11 U.S.C. § 544................................................................................................. 6

11 U.S.C. § 548 ........................................................................................... 6, 15

11 U.S.C. §§ 550, 551................................................................................. 6, 15

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

26 U.S.C. § 6502 ............................................................................................ 10, 11

28 U.S.C. § 157 ............................................................................................... *passim*

28 U.S.C. § 455 ................................................................................................... 12

28 U.S.C. § 1334(b) .............................................................................................. 1

United States Code Title 11 chapter 11 ............................................................ *passim*

Bankruptcy Code ................................................................................................. 13

Bankruptcy Code chapter 7 ............................................................................. 2, 3, 4

Bankruptcy Code § 544(b) .......................................................................... 6, 9, 10

Cal. Civ. Code § 3436.04 ...................................................................................... 6

Cal. Civ. Code § 3439.05 ...................................................................................... 6

Cal. Civ. Code § 3439.07(a)(3) ........................................................................ 6, 14

Cal. Corp. Code §§ 500, 501, and 506 ............................................................. 6, 14

Internal Revenue Code §§ 6502 and 6901 ........................................................ 9, 11

Penal Code § 496(c) .......................................................................................... 6, 14

Fed. R. Bankr. P. 5011(a) ..................................................................................... 1

Fed. R. Bankr. P. 7012 ........................................................................................ 14

Fed. R. Bankr. P. 9015 ........................................................................................ 13

Fed. R. Civ. P. 38 ............................................................................................... 13

Local Bankruptcy Rule 9015-2(b)(2) ................................................................... 13



## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATUTORY PREDICATES

This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157(d) and 1334(b). The statutory and rule predicates for the relief requested herein are 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a).

### II.

### RELIEF REQUESTED

Through this Motion, the Movants respectfully request the Court to withdraw the automatic reference of the Adversary Proceeding to the Bankruptcy Court pursuant to this Court's General Order No. 13-05 and to further order that all proceedings in the Adversary Proceeding shall be before this Court.

### III.

### STATEMENT OF FACTS[2]

**A.   The Bankruptcy Cases.**

1.    RDI was incorporated in 1985 and since that time has owned and operated the Ruby's Diner restaurant chain. RDI started with one location in Southern California and grew over time to own and operate over 40 locations. Ruby's restaurants were known for their 1940s aesthetic, burgers, fries, and shakes. *See* Declaration of Douglas Cavanaugh (the "Cavanaugh Declaration"), ¶ 6.

2.    Mr. Cavanaugh served as the Chief Executive Officer ("CEO") of RDI since its incorporation in 1985 and owns a 60% share in RDI. Mr. Cavanaugh was the appointed "Responsible Individual" for RDI during the chapter 11 phase of the Bankruptcy Case. *See* Cavanaugh Declaration, ¶ 7.

3.    Mr. Kosmides was a former officer of RDI until his resignation approximately five years ago and holds the remaining 40% interest in RDI. *See* Cavanaugh Declaration, ¶ 8.

---

[2] All docket references are to RDI's bankruptcy docket unless otherwise stated.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4.       On September 5, 2018, RDI filed its petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Concurrently therewith, the Bankruptcy Court entered its order to jointly administer RDI's with RDI's six affiliates [Bankruptcy Case Docket ("BK Dkt.") No. 6]. *See* Exhibit '2' to the concurrently filed Request for Judicial Notice (the "RJN").[3]

5.       On April 24, 2019, RDI filed a joint plan of reorganization (as subsequently amended from time to time, the "Proposed Plan") with Ruby's Franchise Systems, Inc.[4] ("RFS"). The first iteration of the Proposed Plan was filed at BK Dkt. No. 344; the Proposed Plan was revised four times thereafter [BK Dkt. Nos. 437, 488, 507]. *See* Exhibits '2', '5'.

6.       From its inception, the central hurdle to the confirmation of the Proposed Plan was always the plan's feasibility; more specifically, confirmation of the Proposed Plan was dependent on the existence of sufficient funding to pay both the mountainous chapter 11 administrative expenses and to provide some distribution to unsecured creditors. The two potential funding sources for the Proposed Plan were a plan co-proponent, Steven L. Craig ("Mr. Craig") and the proceeds of potential litigation against insiders of RDI, including the Movants (the "Alleged D&O Claims").[5] *See* Cavanaugh Declaration, ¶ 10.

---

[3] Hereinafter, all references to any Exhibits are included as Exhibits to the RJN, unless otherwise noted.

[4] Messrs. Cavanugh and Kosmides are also the co-founders of RFS, an entity affiliated with RDI through common ownership and control which is a debtor in a separate bankruptcy case that is not jointly administered with the Debtors. RFS's case commenced as a voluntary case under chapter 11 of the Bankruptcy Code but was ultimately converted to a case under chapter 7. Mr. Cavanaugh served as the CEO of RFS since its incorporation in 1990; Mr. Komisides was the former Chief Financial Officer ("CFO") of RFS until his recent resignation. Mr. Cavanaugh further owns a 60% share in RFS and Mr. Kosmides holds the other 40% share in RFS. *See* Cavanaugh Declaration, ¶ 9. RFS commenced its voluntary chapter 11 case on September 6, 2018 (Bankr. Case No. 8:18-bk-13324-SC) (the "RFS Bankruptcy Case"). *See* Exhibit '3'.

[5] The Alleged D&O Claims were considered to be a viable source of funding on account of RDI's insurance policy which insured against claims brought against its directors and officers (the "D&O Policy"). *See* Cavanaugh Declaration, ¶ 11.

7.      On May 22 and 23, 2019, the Debtors, RFS, and the Official Committee of Unsecured Creditors filed requests for mediation (the "Mediation") with the Bankruptcy Court, therein seeking to have a mediator assigned to assist the parties in formulating a confirmable plan of reorganization [BK Dkt. No. 365; RFS Docket ("RFS Dkt.") No. 199]. *See* Exhibits '2' and '3'.

8.      On May 31, 2019, the Honorable Scott C. Clarkson ("Judge Clarkson"), one of the bankruptcy judges for the Bankruptcy Court for the Central District of California who was not presiding over either of the Bankruptcy Case or the RFS Bankruptcy Case at the time, was assigned as the mediator for the Mediation [BK Dkt. No. 371, RFS Dkt. No. 201]. *See* Exhibits '6' and '7'. Judge Clarkson thereafter served as the mediator for four mediation sessions, in all of which the Movants were participants. Among the topics discussed during the Mediation were the Alleged D&O Claims. *See* Cavanaugh Declaration, ¶ 12.

9.      Following the Mediation, on January 6, 2020, the Debtors and RFS filed their "Third Amended" Proposed Plan [BK Dkt. No. 507]; as referenced therein, the "Administrative Claims" that had accrued to the "RDI Professionals" by that time ballooned to no less than $6,480,000.00 [BK Dkt. No. 507, p. 15]. *See* Exhibit '5'.

10.      Mr. Craig, however, subsequently withdrew his support for the Proposed Plan. *See* Cavanaugh Declaration, ¶ 13.

11.      On April 10, 2020, RDI filed a motion to convert its chapter 11 case to a case under chapter 7 of the Bankruptcy Code. The Bankruptcy Court entered an order granting the motion and converting RDI's bankruptcy case on April 15, 2020 [BK Dkt. Nos. 571, 577]. Likewise, RFS filed its motion to convert its chapter 11 case to a case under chapter 7 of the Bankruptcy Code on November 24, 2020. The Bankruptcy Court entered an order granting the motion and converting RFS's bankruptcy case on December 17, 2020 [RFS Dkt. Nos. 524, 536]. *See* Exhibits '2' and '3'.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7841-5592.6                                    3
MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT

12.     On April 16, 2020, Richard A. Marshak was appointed as the chapter 7 trustee in RDI's case [BK Dkt. No. 578]. *See* Exhibit '2'. Peter J. Mastan (the "RFS Trustee") was appointed as the chapter 7 trustee in RFS's case on December 28, 2020 [RFS Dkt. No. 545].[6] *See* Exhibit '3'.

13.     After the conversion of the RDI and RFS cases to chapter 7, the Alleged D&O Claims became the only potential source for payment of over six millions of dollars of chapter 11 administrative expense claims as well as over $15 million in general unsecured claims. *See* Cavanaugh Declaration, ¶ 14.

14.     On July 31, 2020, the bankruptcy cases of the Debtors and of RFS were assigned to Judge Clarkson, who previously served as the mediator in the cases, because of the retirement of the previous presiding judge [BK Dkt. No. 764; RFS Dkt. No. 421].[7] *See* Exhibits '2' and '3'.

15.     RDI's efforts to capitalize on the Alleged D&O Claims began first with the Trustee's Application to Employ Miller Barondess LLP ("MB LLP") as Special Counsel to prosecute the Alleged D&O Claims (the "Special Counsel Application") filed on July 28, 2020 [BK Dkt. No. 757]; concurrently therewith, the Trustee filed his Motion to Authorize Postpetition Financing in the Amount of $25,000 to fund the prosecution of the Alleged D&O Claims (the "Motion for Funding of Special

---

[6] Mastan was first appointed as RFS's chapter 11 trustee on April 16, 2020 [RFS Dkt. No. 362]; Mastan was thereafter reappointed as RFS's chapter 7 trustee upon the case's conversion to chapter 7. *See* Exhibit '3'.

[7] On August 20, 2020, the Movants filed their Motion for Recusal of Presiding Judge (the "First Recusal Motion"), therein requesting Judge Clarkson's recusal from the bankruptcy cases on account of his service as the mediator for the Mediation [BK Dkt. No. 770]. *See* Exhibit '2'. The Honorable Judge Theodor C. Albert ("Judge Albert") presided over the First Recusal Motion; on September 23, 2020, Judge Albert entered his Order denying the Recusal Motion (the "Recusal Order") [BK Dkt. No. 860] based in part on the reasons stated in his tentative ruling which was filed as Exhibit '1' to Recusal Order [BK Dkt. No. 849]. *See* Exhibits '8' and '9'. In his tentative ruling, Judge Albert noted that if an adversary proceeding against the Movants were to be filed, they "could move for Judge Clarkson to be recused or request Judge Clarkson to recuse himself in a trial on those issues, without the need to remove Judge Clarkson from the entire case. This would be much less disruptive and more efficient." *Id.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Counsel") [BK Dkt. No. 759].[8] *See* Exhibit '2'. Likewise, on June 22, 2020, the RFS

2  Trustee made a demand to the D&O Policy insurance carrier in connection with the

3  Alleged D&O Claims. *See* Cavanaugh Declaration, ¶ 15.

4       16.    On January 27, 2021, the RDI Trustee and the RFS Trustee filed motions

5  in each of their respective cases therein seeking, *inter alia*, the Bankruptcy Courts'

6  approvals of the RFS estate's assignment of its interests in the Alleged D&O Claims

7  to the RDI Trustee in exchange a 10% share of any net recoveries; the assignment was

8  thereafter approved by orders of the Bankruptcy Court. [BK Dkt. No. 1005 and Order

9  thereon at No. 1042; RFS Docket No. 551 and Order thereon at No. 556] *See* Exhibits

10  '10', '11', '12', '13'.

11  **B.**    **The Adversary Complaint.**

12       1.    On March 11, 2021, the Plaintiff commenced the Adversary Proceeding

13  in the Bankruptcy Court through the filing an adversary complaint (the "Original

14  Complaint") against the Movants and others, including Beachcomber Management

15  Crystal Cove, LLC, a California limited liability company ("Beachcomber

16  Management"), Lighthouse Café, LLC, a California limited liability company

17  ("Lighthouse Café"), Beachcomber At Crystal Cove, LLC, a California limited

18  liability company ("Beachcomber at Crystal Cove"), and Shake Shack Crystal Cove,

19  LLC, a California limited liability company ("Shake Shack" and, together with

20  Movants, Beachcomber Management, Lighthouse Café, Beachcomber at Crystal

21  Cove, and Shake Shack, the "Defendants") [Adversary Proceeding Docket ("Adv.

22  Dkt.") No. 1]. *See* Exhibit '4'. On April 29, 2021, Plaintiff filed its First Amended

23  Complaint [Adv. Dkt. No. 76] (the "Complaint"). *See* Exhibit '1'.

24       2.    The Adversary Proceeding has been assigned to Judge Clarkson.

25

26

27  _____

[8] In addition to the $25,000 retainer to fund the prosecution of the Alleged D&O Claims, MB LLP is entitled to between 33% - 40% of the gross amount of any

28  recovery it obtains in connection with the Alleged D&O Claims. *See* Special Counsel Application, p. 7.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3.     The Complaint asserts damages of over $35 million and includes a demand for a jury trial. Complaint at ¶ 13. In the Complaint, the Plaintiff asserts eighteen causes of action against the Defendants, including:

    i.   breach of fiduciary duty;

    ii.   aiding and abetting breach of fiduciary duty;

    iii.   avoidance of actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(a);

    iv.   avoidance of constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(b);

    v.   recovery of fraudulent transfers under 11 U.S.C. §§ 550, 551;

    vi.   avoidance and recovery of actually fraudulent transfers under 11 U.S.C. § 544 and Cal. Civ. Code § 3436.04;

    vii.   avoidance and recovery of constructively fraudulent transfers under 11 U.S.C. § 544 and Cal. Civ. Code § 3439.05;

    viii.   recovery of illegal dividends under Cal. Corp. Code §§ 500, 501, and 506;

    ix.   equitable subordination of claims under 11 U.S.C. § 510(c);

    x.   permanent injunction under Cal. Civ. Code § 3439.07(a)(3)(A);

    xi.   permanent injunction under Cal. Civ. Code § 3439.07(a)(3)(C);

    xii.   breach of contract;

    xiii.   money lent;

    xiv.   open book account;

    xv.   violation of Penal Code § 496(c);

    xvi.   accounting;

    xvii.   constructive trust; and,

    xviii.   misappropriation of trade secrets.

4.     In the Complaint, the Plaintiff attempts to circumvent the a statutes of limitations defense on two theories: first, the Plaintiff asserts that by stepping into the shoes of the IRS pursuant to § 544(b) of the Bankruptcy Code, "the statute of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

limitations for the claims alleged herein as to all parties is at least ten years from the date of the bankruptcy filing." Complaint at ¶ 6; second, the Plaintiff relies on "the doctrine of adverse domination" to support his contention that he may assert claims that, in some instances, accrued over two decades ago. Complaint at ¶ 40.

5.      On March 30, 2021, the Court issued an alias summons as to the Defendants Douglas Cavanaugh, Beachcomber Management, and Beachcomber at Crystal Cove setting the deadline for them to file and serve a written response to the Complaint by April 29, 2021, and setting the initial status conference for June 16, 2021 [Adv. Dkt. No. 8]. *See* Exhibit '14'.

6.      Pursuant to a stipulation entered on April 12, 2021, the Plaintiff and Defendants agreed to the following: (i) the Defendants would waive service of the summons and Complaint, (ii) the Trustee would file a first amended complaint on or before April 29, 2021,(iii) the deadlines for the Defendants to respond to the first amended complaint would be June 1, 2021, and (iv) the status conference would be continued from June 16, 2021 to July 21, 2021 or to such later date on which the Bankruptcy Court is available [Adv. Dkt. No. 28]. *See* Exhibit '15'. The Bankruptcy Court entered its order approving the foregoing stipulation on May 5, 2021 [Adv. Dkt. No. 87]. *See* Exhibit '16'.

7.      On April 14, 2021, the Plaintiff filed an Application for Right to Attach Order and Order for Issuance of Writ of Attachment as to Douglas Cavanaugh [Adv. Dkt. No. 29] and Application for Right to Attach Order and Order for Issuance of Writ of Attachment as to Ralph Kosmides [Adv. Dkt. No. 35] (collectively, "Writ of Attachment Applications"). *See* Exhibits '17' and '18'. The hearing on the Writ of Attachment Applications (the "Hearing on the Attachment Applications") was originally set to be heard before Judge Clarkson on May 5, 2021 at 1:30 p.m.

8.      Based in part on Judge Albert's finding in the Ruling on the First Recusal Motion that the motion was premature, on April 27, 2021, the Movants filed a Motion for Recusal of Presiding Judge in Adversary Proceeding (the "Second Recusal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Motion") [Adv. Dkt. No. 53], therein seeking that Judge Clarkson be recused from
2   the Adversary Proceeding because of his having served as the mediator in the
3   Mediation that included the Alleged D&O Litigation. *See* Exhibit '19'. The Second
4   Recusal Motion is presently set to be heard before Judge Albert in the Bankruptcy
5   Court on May 27, 2021 at 11:00 a.m. *See* Exhibit '4'.

6         9.    On April 27, 2021, the Movants filed their Emergency Motion for
7   Continuance of the Hearing on the Attachment Applications and for Extension of
8   Deadlines Related Thereto [Adv. Dkt. No. 57] (the "Motion for Continuance and
9   Extension") on account of the pending Second Recusal Motion. *See* Exhibit '20'. On
10   April 29, 2021, the Bankruptcy Court heard the Motion for Continuance and
11   Extensions; the Hearing on the Attachment Applications was continued to May 6,
12   2021 at 10:00 a.m. to be heard before the Honorable Judge Erithe Smith ("Judge
13   <u>Smith</u>"). *See* Exhibit '4'. Judge Smith heard the Hearing on the Attachment
14   Applications on May 6, 2021 at 10:00 a.m. [Adv. Dkt. No. 78] and further continued
15   the Hearing on the Attachment Applications to May 11, 2021.

16   **IV.**

17   **ARGUMENT**

18   **A.**    **This Motion is Timely Filed.**

19         Pursuant to 28 U.S.C. § 157(d), this Court may withdraw any case or proceeding
20   that has been automatically referred to the Bankruptcy Court on its own motion or on
21   a timely motion of any party. A motion is timely under § 157(d) if it was made, "as
22   promptly as possible in light of developments in the bankruptcy proceeding." *Security*
23   *Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997). Here, the
24   Motion was filed shortly after the Adversary Proceeding was filed and before the
25   Defendants' answers are due. Thus, the Motion is clearly timely filed.

26   **B.**    **Withdrawal of the reference of the Adversary Proceeding is Mandatory.**

27         Section 157(d) provides that a district court shall withdraw the reference of a
28   proceeding if resolution of the proceeding requires consideration of both title 11 and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

other laws of the United States regulating organizations and activities affecting interstate commerce. In an apparent effort to stave off a statute of limitations defense, the Plaintiff argues in the Complaint that because the IRS has filed a proof of claim against RDI, pursuant to 11 U.S.C. § 544(b), he stands in the shoes of the IRS and may exercise all of the rights and remedies of the IRS under §§ 6502(a)(1) and 6901(a) of the Internal Revenue Code. Complaint at ¶ 41. The Plaintiff notes that "the IRS may recover a fraudulent transfer of a taxpayer for 10 years after the date of assessment." *Id*.

The Internal Revenue Code is among the "laws of the United States regulating organizations and activities affecting interstate commerce" under section 157(d). *See United States v. G-I Holdings, Inc. (In re G-I Holdings, Inc.)*, 295 B.R. 222 (D.N.J. 2003). Further, although, pursuant to 11 U.S.C. § 505, bankruptcy courts may determine the amount or legality of any tax liability, the issues raised by the Plaintiff under section 6502 and 6901 of the Internal Revenue Code do not involve issues pertaining to whether RDI has any tax liability or the amount thereof. Rather, these sections of the Internal Revenue Code deal with the ability of the IRS to collect taxes against the taxpayer and against any transferee. Thus, the Plaintiff's claims against the Movants require consideration of both title 11 and title 26.

Although § 157(d) speaks only of "consideration" of both title 11 and other U.S. laws affecting interstate commerce, the majority of cases have found that mandatory withdrawal is appropriate only when resolution of the dispute will require a "substantial and material consideration of the non-Code statute." 1 Collier on Bankruptcy ¶ 3.04 (16th ed. 2021) (internal citations omitted). Here, that requirement is satisfied. Although the Plaintiff seeks to breathe new life into stale claims under the doctrine of "adverse domination," unless the Plaintiff is prepared to put all of his statute of limitation eggs in the adverse domination basket, the Plaintiff's fraudulent transfer claims against the Movants may rise or fall on whether and how a court were to apply §§ 6502 and 6901 of the IRC to the facts of this case. In other words,

9

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   resolution of the IRC issues raised by the Plaintiff could very well be a winner-take-
2   all proposition. Thus, consideration of non-Code statues is both substantial and
3   material.

4        Further, courts in the Ninth Circuit have largely adopted the additional
5   requirement that the interpretation, as opposed to the mere application, of a non-
6   title 11 statute must be involved for mandatory withdrawal to apply. *One Longhorn*
7   *Land I, L.P. v. Presley*, 529 B.R. 755, 760 (C.D. Cal. 2015). This requirement is
8   satisfied here as well for at least two reasons.

9        First, as recognized by the very case cited by the Plaintiff in paragraph 41 of
10   the Complaint, "[t]here is a split of authority on whether a trustee can step into the
11   shoes of the IRS under §544(b) and utilize the IRS tenyear (sic) collection window."
12   *Mukamal v. Citibank N.A. (In re Kipnis)*, 555 B.R. 877, 881 (Bankr. S.D. Fla. August
13   31, 2016). *Cf. Wagner v. Ultima Hofmes, Inc. (In re Vaughan Co., Realtors)*, 498 B.R.
14   297 (Bankr. D.N.M. 2013) (ten-year statute of limitations of 26 U.S.C. § 6502 is not
15   available to bankruptcy trustees in section 544(b) avoidance actions because IRS
16   immunity from state statutes of limitation is a public right that cannot be invoked by
17   a bankruptcy trustee). Although other courts have declined to follow *Vaughan*, there
18   is no binding Ninth Circuit authority on the issue. Thus, resolution of this dispute will
19   require consideration of a significant issue that involves both Code and non-Code
20   statutes.

21        Second, while the Plaintiff acknowledges that "the IRS may recover a
22   fraudulent transfer of a taxpayer for 10 years after the date of assessment," Complaint
23   at ¶ 41, the Plaintiff appears to take things a bit further by claiming that by stepping
24   into the shoes of the IRS pursuant to § 544(b) of the Bankruptcy Code, "the statute of
25   limitations for the claims alleged herein as to all parties is *at least ten years* from the
26   date of the bankruptcy filing." Complaint at ¶ 6 (emphasis supplied). This distinction
27   is notable because, pursuant to § 6502 the IRS must bring suit to collect on any
28   assessed tax "within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

The Courts that have allowed a bankruptcy trustee to step into the shoes of the IRS have held that assessment of a tax is *not a prerequisite* to the trustee's right to initiate suit to collect on the same. *See Hillen v. City of Many Trees, LLC (In re CVAH, Inc.)*, 570 B.R. 816, 837 (Bankr. D. Idaho 2017). It is presumably on account of this untethering of the right to initiate suit from the date of a tax assessment, that the Plaintiff apparently implies that he is not constrained by any statute of limitations and that the 10-year limitation period in § 6502 does not apply to him. The court in *In re CVAH, Inc.* stated that at the time it drafted its opinion, it was "unaware of any Ninth Circuit precedent on this issue." *Id*. Thus, this issue continues to be unresolved within this Circuit and requires more than the mere application of a non-title 11 statute.

Moreover, because the Plaintiff purports to "stand in shoes of the IRS," Complaint at ¶ 41, any ruling on the Plaintiff's rights and powers under 26 U.S.C. §§ 6502 and 6901 will necessarily involve a determination of the IRS's rights and powers under the very same sections of the Internal Revenue Code. Such a determination is one that should be made by this Court, not the Bankruptcy Court. Therefore, withdrawal of the reference pursuant to section 157(d) is mandatory.

## C.    Even If Withdrawal of the Reference Were Merely Permissive, the Court Should Exercise its Discretion to Withdraw the Reference of the Adversary Proceeding.

A district court may withdraw any case or proceeding that has been referred to a bankruptcy court "for cause shown." 28 U.S.C. § 157(d). The Ninth Circuit has instructed that district courts should consider the following factors in determining whether "cause" for the permissive withdrawal of reference exists: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration; (4) the prevention of forum shopping; and (5) other related factors. *Security Farms*, 124 F.3d at 1008 (internal citations omitted). Here, all of these factors weigh in favor of the permissive withdrawal of the reference of the Adversary Proceeding.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7841-5592.6

11

**MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT**

With respect to the first factor, the efficient use of judicial resources, at the risk of prematurely handicapping the Movants' Second Recusal Motion, it seems almost certain that Judge Clarkson will need to be disqualified from presiding over the Adversary Proceeding pursuant to 28 U.S.C. § 455. The grounds for previously denying recusal, as stated in the Recusal Order and tentative ruling referenced therein, simply do not apply to the Adversary Proceeding and the current procedural posture thereof. Now that D&O Litigation is before Judge Clarkson and, in light of the language in the Recusal Order itself, there is an even more compelling basis to conclude that the appearance of Judge Clarkson's impartiality may reasonably be questioned. If Judge Clarkson should be recused, the new bankruptcy judge to whom the Adversary Proceeding would be assigned would have no more useful background regarding the RDI and RFS bankruptcy cases than this Court would have. Both the new bankruptcy judge and this Court would start off from the same clean slate. Thus, withdrawing the reference of the Adversary Proceeding would not result in any waste of judicial resources. Moreover, withdrawal of the reference of the Adversary Proceeding would moot the Second Recusal Motion, thus eliminating the need for any further briefing, a hearing, and a ruling on whether Judge Clarkson should be disqualified from presiding over the Adversary Proceeding. That, too, would promote the efficient use of judicial resources.

The same is true for the second factor – delay and costs to the parties. The Adversary Proceeding was only just recently commenced. None of the Defendants have filed an answer or otherwise responded to the Complaint. Thus, withdrawing the reference of the Adversary Proceeding from the Bankruptcy Court to this Court will not cause any delay or impose any unnecessary or additional costs on the parties.

Under the third factor, uniformity of bankruptcy administration would not at all be threatened by withdrawal of the reference of the Adversary Proceeding. Section 157(d) of Title 28 of the United States Code grants district courts with the discretion to withdraw the reference of an entire bankruptcy case. But that is not what

the Movants are seeking. They merely seek withdrawal of the reference of the Adversary Proceeding, a distinct and discrete proceeding within the Bankruptcy Case. Moreover, the Adversary Proceeding has nothing to do with the *administration* of the Bankruptcy Case. The Plaintiff seeks to augment the assets of the Estate in the Adversary Proceeding by obtaining a money judgment against the Defendants. If the Plaintiff were to obtain a money judgment and were to recover funds in satisfaction of the judgment, those funds would become part of the Estate and would be distributed in accordance with the priorities of the Bankruptcy Code. The withdrawal of the reference of the Adversary Proceeding would not in any way affect the distribution of those funds or otherwise impact the administration of the Estate. Thus, withdrawal of the reference of the Adversary Proceeding would not in any way compromise the uniformity of bankruptcy administration.

The fourth of the *Security Farms*' factors, the prevention of forum shopping, does not militate against withdrawing the reference. Recall that the Plaintiff himself demanded a jury trial in his Complaint. Thus, the Plaintiff's own jury demand weighs in favor of withdrawing the reference of the Adversary Proceeding.[9] "'[W]here a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate.' Thus, this factor weighs in favor of withdrawing the reference." *In re Bill Johnson's Rests., Inc.*, No. 2:14-cv-00872-HRH, 2016 U.S. Dist. LEXIS 180701, at *12 (D. Ariz. Dec. 30, 2016), quoting *In re Cinematronics, Inc.,* 916 F.2d 1444, 1451 (9th Cir. 1990).[10] Thus, the Plaintiff's jury demand weighs in favor of withdrawing the reference of the Adversary Proceeding.

---

[9] The Plaintiff's demand for a jury trial cannot be withdrawn unless the parties consent. Fed. R. Bankr. P. 9015, incorporating by reference Fed. R. Civ. P. 38.

[10] Although, in his Complaint, the Plaintiff consents to the entry of a final judgment by the Bankruptcy Court (*Id*. at ¶ 1), the Movants do not so consent. Moreover, the Trustee has, in fact, not consented to a jury trial before the Bankruptcy Court pursuant to Local Bankruptcy Rule 9015-2(b)(2) which requires, in relevant part, that "[a] demand must include a statement that the party does or does not consent to a jury trial by the bankruptcy court," a requirement that the Plaintiff is thoroughly familiar with. *See Marshack v. Castanon (In re Luminance Recovery Ctr., LLC)*, 2021 U.S. Dist. (footnote continued on next page)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Finally, the consideration of "other related factors" is a rather broad catch-all that is not well vetted in the case law. Generally, this factor has not proven to be very distinct from the other four factors and is often lumped in with them. For example, one court has held that "'[o]ther related factors' might include whether the issues are core or non-core proceedings, as well as the right to a jury trial." *Bradford v. Bank of Eastern Oregon (In re Bradford)*, 2019 U.S. Dist. LEXIS 1976, *13, (D. Idaho 2019) (internal citations omitted). As has already been noted, the Plaintiff has demanded a jury trial.

With respect to the whether the claims raised in the Complaint in the Adversary Proceeding are core or non-core proceedings under 28 U.S.C. § 157(b)(2), of the Plaintiff's 18 causes of action the following 12 are clearly non-core: 1) breach of fiduciary duty; 2) aiding and abetting breach of fiduciary duty; 3) recovery of illegal dividends under Cal. Corp. Code §§ 500, 501, and 506; 4) permanent injunction under Cal. Civ. Code § 3439.07(a)(3)(A); 5) permanent injunction under Cal. Civ. Code § 3439.07(a)(3)(C); 6) breach of contract; 7) money lent; 8) open book account; 9) violation of Penal Code § 496(c); 10) accounting; 11) constructive trust; and 12) misappropriation of trade secrets. Thus, the Complaint is predominated by non-core claims governed by common law, the core bankruptcy claims are not complex in application, and the core bankruptcy claims are not only based on the same facts as the non-core common law claims, but also, in large part, require a preceding determination of liability on the non-core claims,[11] and the Adversary Proceeding is

LEXIS 55460; 2021 WL 1116743 (C.D. Cal. March 23, 2021) ("Instead, Moving Defendants' language mirrors Federal Rule of Bankruptcy Procedure 7012, which requires responsive pleadings to 'include a statement that the party does or does not consent to entry of final orders of judgment by the bankruptcy court.' '[T]he allegation refers only to consent to the entry of a final order or judgment by the [Bankruptcy] Court. Although related in some respects, this is a separate issue from the issue of consent for the [Bankruptcy] Court to conduct a jury trial.'") (internal citations omitted).

[11] For example, the core claim in the Complaint for "equitable subordination" requires a finding of "inequitable conduct," which the Trustee has attempted to establish through allegations of the Movants' breach of fiduciary duty (a non-core claim). *See* Complaint at ¶ 179.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7841-5592.6

14

**MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT**

still at its initial stages. These circumstances support an immediate withdrawal of the reference rather than a withdrawal only at the time of trial. *In re Bill Johnson's Rests., Inc.*, 2016 U.S. Dist. LEXIS 180701; 2017 WL 25288 (D. Ariz. January 3, 2017), in which the court noted:

> The bankruptcy court's familiarity with the case as it currently stands will not make much of a difference in deciding the motions for summary judgment. This court will have to become familiar with the issues raised in the adversary proceeding, including any issues of bankruptcy law, at some point. Judicial efficiency would not be served by having the bankruptcy court decide what are primarily state law issues and then having this court conduct a *de novo* review of the same issues. Rather, judicial efficiency will be served by withdrawing the reference.

*In re Bill Johnson's Rests., Inc.*, 2016 U.S. Dist. LEXIS 180701 at *9 (emphasis in the original).

Further, although the Plaintiff asserts avoidance of fraudulent conveyance claims under 11 U.S.C. § 548 and a recovery of fraudulent conveyance claim under 11 U.S.C. §§ 550 and 551 (a total of three claims), the reach-back period under § 548 is only two years before the petition date (September 5, 2018). And yet, the Complaint refers to few, if any, alleged transfers made or obligations incurred by RDI after September 5, 2016. Thus, although some of the Plaintiff's claims are at least facially core proceedings, the vast majority of the claims in the Adversary Proceeding are non-core proceedings. Thus, this factor as well weighs in favor of withdrawing the reference.

## V.

### CONCLUSION

Based on the foregoing, the Movants respectfully request the Court to withdraw the reference of the Adversary Proceeding; and for such other relief that the Court may deem is just and proper.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7841-5592.6                                                15

MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT

1   DATED: May 6, 2021                    LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3                                         By:   _____/s/ Leo A. Bautista_____

4                                               LEO A. BAUTISTA
                                                Attorneys for Douglas Cavanaugh and
5                                               Ralph Kosmides

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW