LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
CHRISTOPHER D. BEATTY (State Bar No. 266466)
cbeatty@millerbarondess.com
EVAN B. McGINLEY (State Bar No. 320433)
emcginley@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 552-4400
Facsimile:    (310) 552-8400

Special Litigation Counsel for
Plaintiff and Chapter 7 Trustee
RICHARD A. MARSHACK

**MILLER BARONDESS, LLP**
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| In re<br><br>RUBY'S DINER, INC., a California corporation, et al.,<br><br>       Debtors. | **CASE NO. 8:21-cv-00845**<br><br>Bankruptcy Court<br>Case No. 8:18-bk-13311-SC (Chapter 7)<br>Adv. No. 8:21-ap-01014-SC |
| RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br>       Plaintiff,<br><br>       v.<br><br>DOUGLAS CAVANAUGH, an individual; RALPH KOSMIDES, an individual; BEACHCOMBER MANAGEMENT CRYSTAL COVE, LLC, a California Limited Liability Company; LIGHTHOUSE CAFÉ, LLC, a California Limited Liability Company; BEACHCOMBER AT CRYSTAL COVE, LLC, a California Limited Liability Company; and SHAKE SHACK CRYSTAL COVE, LLC, a California Limited Liability Company, | (Jointly Administered With Case Nos. 8:18-bk-13197-SC; 8:18-bk-13198-SC; 8:18-bk-13199-SC; 8:18-bk-13200-SC; 8:18-bk-13201-SC; 8:18-bk-13202-SC)<br><br>**RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE'S OPPOSITION TO DEFENDANTS DOUGLAS CAVANAUGH AND RALPH KOSMIDES' MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT**<br><br>[Filed Concurrently with Request for Judicial Notice]<br><br>Judge:  Hon. Stephen V. Wilson<br>Date:    June 7, 2021<br>Time:    1:30 p.m.<br>Crtrm.:  10A |

512642.4

1

2          Defendants.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................. 6

II.  BACKGROUND ................................................................................. 7

III. LEGAL STANDARD ........................................................................ 10

IV.  ARGUMENT ...................................................................................... 10

    A.   Mandatory Withdrawal Is Not Warranted, And The Motion Is Premature ...................................................................................... 10

        1.   The Trustee's Ability to Step into the IRS's Shoes for Statute of Limitations Purposes Is a Question of Bankruptcy Law and Does Not Require Substantial and Material Analysis ................................................................. 11

        2.   Whether the Assessment of a Tax Is a Prerequisite to Initiation of a Suit to Collect on Such Tax Does Not Require Substantial and Material Analysis of Non-Title 11 Law ...................................................................................... 13

        3.   The Motion to Withdraw Is Premature ............................... 14

    B.   There Is Not Good Cause Supporting Permissive Withdrawal ........... 16

        1.   "Core" Claims Predominate the Adversary Proceeding............. 16

        2.   Considerations of Efficient Use of Judicial Resources, Delay and Costs to the Parties, and Uniformity of Bankruptcy Administration Weigh Against Withdrawal of the Reference ......................................................................... 17

        3.   Defendants Are Forum Shopping, Which Weighs Against Withdrawal.......................................................................... 20

        4.   Plaintiff's Demand for a Jury Trial Does Not Warrant Immediate Withdrawal .......................................................... 20

V.   CONCLUSION .................................................................................. 21

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

**TABLE OF AUTHORITIES**

2                                                                                    **Page**

3

**FEDERAL CASES**

4

*400 Walnut Assocs., L.P. v. 4th Walnut Assocs., L.P.*,
5          2015 WL 390455 (E.D. Pa. Jan. 28, 2015) ...................................................20

6  *Exec. Benefits Ins. Agency v. Arkison*,
          573 U.S. 25 (2014) ............................................................................................17
7

*Feldman as Tr. of Estate of Image Masters, Inc. v. ABN AMBRO Mortg. Grp.,*
8          *Inc.*,
          2020 WL 618604 (E.D. Pa. Feb. 10, 2020)....................................................20
9

*Ferlmann v. Prasad*,
10          2016 WL 427019 (E.D. Cal. Feb. 4, 2016) ....................................................21

11  *Franchise Mgmt. Servs., Inc. v. Righetti Law Firm, P.C.*,
          2009 WL 3254442 (S.D. Cal. Sept. 30, 2009) ................................................15
12

*Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*,
13          355 B.R. 214 (D. Haw. 2006) .....................................................................16, 19

14  *In re Bellingham Ins. Agency, Inc.*,
          702 F.3d 553 (9th Cir. 2012),
15          *aff'd*, 573 U.S. 25 (2014)....................................................................................17

16  *In re Bradford*,
          2019 WL 96221 (D. Idaho Jan. 3, 2019)........................................................15
17

*In re Bryanna Cooper*,
18          2018 WL 11277403 (C.D. Cal. Nov. 28, 2018) .............................................19

19  *In re City of San Bernardino, California*,
          2015 WL 6957998 (C.D. Cal. Nov. 10, 2015) ...............................................11
20

*In re CVAH, Inc.*,
21          570 B.R. 816 (Bankr. D. Idaho 2017) ......................................................13, 14

22  *In re First All. Mortgage Co.*,
          282 B.R. 894 (C.D. Cal. 2001)..................................................................10, 13
23

*In re GTS 900 F, LLC*,
24          2010 WL 4878839 (C.D. Cal. Nov. 23, 2010) ...............................................19

25  *In re Healthcentral.com*,
          504 F.3d 775 (9th Cir. 2007).....................................................................19, 21
26

*In re John Christopher O'Connor USBC Cent. Dist. of Cal. Los Angeles*,
27          2016 WL 1718366 (C.D. Cal. Apr. 29, 2016).......................................16, 19, 20

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

*In re Kipnis*,
    555 B.R. 877 (Bankr. S.D. Fla. 2016) ............................................................ 12

*In re Nw. Inst. of Psychiatry, Inc.*,
    268 B.R. 79 (Bankr. E.D. Pa. 2001) .............................................................. 15

*In re Orion Pictures Corp.*,
    4 F.3d 1095 (2d Cir. 1993) ...................................................................... 16, 19

*In re Solano*,
    2017 WL 8180597 (C.D. Cal. June 19, 2017) ................................................ 11

*In re Sula, Inc.*,
    2016 WL 3090300 (C.D. Cal. May 31, 2016) ................................................ 20

*In re Tamalpais Bancorp*,
    451 B.R. 6 (N.D. Cal. 2011) ................................................................... 11, 13

*In re Temecula Valley Bancorp, Inc.*,
    523 B.R. 210 (C.D. Cal. 2014) ............................................................... 11, 16

*In re Vaughan Co.*,
    498 B.R. 297 (Bankr. D.N.M. 2013) ............................................................ 12

*In re: KSL Media, Inc.*,
    2016 WL 74385 (C.D. Cal. Jan. 6, 2016) .................................................... 17

*One Longhorn Land I, L.P. v. Presley*,
    529 B.R. 755 (C.D. Cal. 2015) ............................................................... 11, 13

*Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*,
    124 F.3d 999 (9th Cir. 1997) .......................................................... 10, 11, 16

*Stern v. Marshall*,
    564 U.S. 462 (2011) ............................................................................ 16, 17

*Szanto v. Santo*,
    2019 WL 1932366 (D. Or. May 1, 2019) ..................................................... 15


**FEDERAL STATUTES**

11 U.S.C. § 544 ....................................................................................... passim

11 U.S.C. § 544(a) ........................................................................................ 11

11 U.S.C. § 544(b) .................................................................................. 12, 14

11 U.S.C. § 544(b)(1) .................................................................................. 11

11 U.S.C. § 548 ............................................................................................ 19

11 U.S.C. § 550 ............................................................................................ 19

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

11 U.S.C. § 551 ................................................................................................ 19

26 U.S.C. § 6502 .............................................................................................. 12

26 U.S.C. § 6502(a)(1) ................................................................................. 6, 15

26 U.S.C. § 6901(a)(1)(A) ............................................................................... 14

28 U.S.C. § 1334(a) ......................................................................................... 10

28 U.S.C. § 157(a) ........................................................................................... 10

28 U.S.C. § 157(b)(2) ....................................................................................... 16

28 U.S.C. § 157(b)(2)(H) ................................................................................. 16

28 U.S.C. § 157(c)(1) ....................................................................................... 17

28 U.S.C. § 157(d) ..................................................................................... passim

28 U.S.C. § 455(a) ............................................................................................. 8

28 USC § 157(c)(1)–(2) .................................................................................... 19

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# I.    <u>INTRODUCTION</u>

Defendants Douglas Cavanaugh and Ralph Kosmides' ("Defendants") Motion is the latest salvo in a prolonged effort to prevent Judge Clarkson from presiding over this case, no doubt because in the course of presiding over the bankruptcy he has witnessed their fraudulent conduct and numerous breaches of fiduciary duty.  In August 2020, Defendants moved to recuse Judge Clarkson from the above-referenced bankruptcy cases (the "First Recusal Motion") based on a dubious mediation confidences argument that had no basis in law or fact.  The First Recusal Motion was denied.  Defendants have also brought unsuccessful motions to disqualify Plaintiff Richard A. Marshack, Chapter 7 Trustee ("Plaintiff" or "Trustee") for the Debtors' estates as well as the undersigned counsel.  Undeterred by these repeated losses, they filed a second recusal motion on the same grounds as the first.  In tacit acknowledgement that their second motion is headed towards the same fate, Defendants have also brought this Motion to try to get a new judge.

Defendants' request to withdraw the reference of this Adversary Proceeding to the Bankruptcy Court is without merit.  This Adversary Proceeding is subject to neither mandatory nor permissive withdrawal pursuant to 28 U.S.C. § 157(d).

Defendants identify two purported non-title 11 issues that they contend require "substantial and material interpretation and consideration."  The first is whether the ten-year statute of limitations enjoyed by the Internal Revenue Service ("IRS") can be borrowed by a bankruptcy trustee in cases in which the IRS is a creditor.  This is squarely an issue of bankruptcy law that frequently arises in bankruptcy cases and is resolved by bankruptcy courts.  Resolution of this issue requires at most *interpretation* of 11 U.S.C. § 544 and only *application* of 26 U.S.C. § 6502(a)(1), which indisputably establishes the ten-year collection window for the IRS.  Accordingly, there is no support for Defendants' request to withdraw the reference over this issue.

Defendants' second argument fares no better.  Whether  the assessment of a

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   tax is a necessary prerequisite to the initiation of a suit to collect on such tax

2   pursuant to the Internal Revenue Code is, at best, an academic issue.  Defendants

3   have not satisfied their burden of persuasion that this is a material issue.

4   Furthermore, the question is of no moment to this case because the IRS has assessed

5   a tax against RDI.  And this issue also comes down to an interpretation of

6   bankruptcy law that is best left to the bankruptcy courts to decide.

7        Finally, even if Defendants had identified a proper basis for mandatory

8   withdrawal, such withdrawal would not be necessary until it becomes clear the case

9   is going to trial, and judicial economy would favor the bankruptcy court continuing

10  to handle pre-trial matters and discovery, and for the withdrawal motion to be

11  renewed at such time as when it becomes clear the case is going to trial.  This

12  Motion is at best premature.

13       Lastly, Defendants have failed to show that cause exists for permissive

14  withdrawal of the Adversary Proceeding from the Bankruptcy Court.  Indeed, the

15  existence of numerous "core" claims in the Adversary Proceeding militates against

16  withdrawal.  So too does Defendants' transparent forum shopping, as evidenced by

17  their multiple motions to recuse Judge Clarkson, the most recent of which was filed

18  just weeks before Defendants filed the present motion to withdraw.

19  **II.    BACKGROUND**

20       On September 5, 2018, Debtors each filed voluntary petitions for bankruptcy

21  under Chapter 11 of Title 11 of the United States Code.  On that date, the Honorable

22  Catherine E. Bauer substituted as the presiding Bankruptcy Judge over RDI's case,

23  and entered an order to jointly administer RDI's case along with its six affiliates—

24  Ruby's SoCal Diners, LLC, Ruby Quality Diners, LLC, Ruby's Huntington Beach,

25  Ltd., Ruby's Laguna Hills, Ltd., Ruby's Oceanside Ltd., and Ruby's Palm Springs,

26  Ltd. (together with RDI, "Debtors").  (BK Dkt. No. 6.)

27       On May 29, 2019, the Court entered an order assigning certain matters in

28  Debtors' cases to mediation (the "Mediation Order").  (BK Dkt. No. 371.)  As

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    shown by the "Description of the Matter" in the Mediation Order, the matter
2    referred to mediation was the "dispute between Ruby's Diner, Inc., a California
3    corporation, et al., Ruby's Franchise Systems, Inc., a California corporation, on one
4    hand and the Official Committee of Creditors Holding Unsecured Claims in Ruby's
5    Diner, Inc. on the other hand, regarding objection to plan confirmation and plan
6    formulation/negotiations." (*Id.*)  Judge Clarkson was appointed as the mediator.
7    Pursuant to the Mediation Order, various parties (including Defendants in their
8    capacity as Debtors' principals, the Committee of Unsecured Creditors, and various
9    other creditors) participated in four rounds of mediation with Judge Clarkson acting
10   as the mediator (the "Mediation Sessions").

11          The mediation did not result in an agreement on a joint Chapter 11 plan.  On
12   April 10, 2020, RDI moved to convert the cases from Chapter 11 to Chapter 7 (the
13   "Motion to Convert").  (BK Dkt. No. 571.)  On April 15, 2020, the Court granted
14   RDI's Motion to Convert.  (BK Dkt. No. 577.)  The following day, a notice of
15   appointment and acceptance of trustee was filed by Plaintiff, who is trustee for all of
16   the Debtors.  (BK Dkt. No. 578.)

17          On July 31, 2020, RDI's bankruptcy case was reassigned to Judge Clarkson.
18   (BK Dkt. No. 764.)  On August 10, 2020, Defendants Cavanaugh and Kosmides
19   filed their First Recusal Motion to disqualify Judge Clarkson as presiding judge of
20   the bankruptcy cases based on his prior service as mediator in connection with
21   Chapter 11 plan negotiations.  (BK Dkt. No. 777.)  They argued, pursuant to 28
22   U.S.C. § 455(a), that Judge Clarkson's impartiality may reasonably be questioned
23   based on his previous service as mediator because,  according to Defendants, during
24   the course of the mediation, the participants discussed the possibility that the
25   proceeds of potential D&O Claims against Defendants Cavanaugh and Kosmides
26   could be used as a potential source of funding for the joint Chapter 11 plan.  (*Id.* at
27   8.)  Plaintiff opposed the First Recusal Motion, as did the Chapter 11 trustee of
28   RFS's bankruptcy estate and the administrative creditor and former insolvency

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO WITHDRAW REFERENCE OF ADVERSARY
PROCEEDING TO THE BANKRUPTCY COURT

counsel to the Official Committee of Unsecured Creditors for the estate of Ruby's Diner, Inc.  (BK Dkt. Nos. 812, 813, 814.)  Judge Albert denied the First Recusal Motion in an Order entered on September 23, 2020, which adopted Judge Albert's tentative ruling of September 9, 2020.  (BK Dkt. Nos. 860, 849.)  In actuality, the D&O claims were not at issue in the mediation.  (*Id.*)

On March 11, 2021, Plaintiff commenced this Adversary Proceeding.  (Adv. Dkt. No. 1.)  On April 14, 2021, Plaintiff filed Writ of Attachment Applications seeking to attach certain assets of Defendants Cavanaugh and Kosmides based on loans and advances they took from RDI prior to the commencement of the bankruptcy.  (Adv. Dkt. Nos. 29, 35.)  On April 21, 2021, Defendants filed their opposition to the Writ of Attachment Applications and supporting papers (Adv. Dkt. Nos. 48, 49), and concurrently filed a motion to disqualify Judge Clarkson from the Adversary Proceeding (the "Second Recusal Motion").  (Adv. Dkt. Nos. 53, 54, 55). On the evening of April 21, 2021, Defendants also filed a Notice Of Emergency Motion And Emergency Motion For Continuance Of Hearings On Plaintiff's Applications For Right To Attach Order And For Issuance Of Writ Of Attachment As To (1) Douglas Cavanaugh; And (2) Ralph Kosmides, And Extension Of The Related Deadlines (the "Emergency Motion for Continuance").  (Adv. Dkt. No. 60.) A hearing on the Emergency Motion for Continuance took place before Judge Clarkson on April 29, 2021, the transcript of which is included in Exhibit 1 to the Request for Judicial Notice ("RJN") filed concurrently with this Opposition.[1]

On May 6, 2021, Defendants filed the instant motion to withdraw the automatic reference of this Adversary Proceeding to the Bankruptcy Court.  (Dkt. No. 1.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

---

[1] Hereinafter, all references to "Exhibits" or "Ex." refer to Exhibits to the RJN, unless otherwise noted.

III.  **LEGAL STANDARD**

In general, "the district courts . . . have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a).  District courts have discretion to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges in their district.  28 U.S.C. § 157(a).

Withdrawal of the reference of an adversary proceeding from bankruptcy court is governed by title 28 of the U.S. Codes, which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.  28 U.S.C. § 157(d).

The statute contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal "in cases requiring material consideration of non-bankruptcy federal law." *See Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997); 28 U.S.C. § 157(d).  Under either provision, the "burden of persuasion is on the party seeking withdrawal." *In re First All. Mortgage Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001).

A motion for withdrawal is considered timely if "it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms*, 124 F.3d at 1007 n.3 (citation omitted).

IV.  **ARGUMENT**

A.   **Mandatory Withdrawal Is Not Warranted, And The Motion Is Premature**

On timely motion of a party, the district court shall "withdraw a proceeding if

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The majority of federal courts (including in the Ninth Circuit) have held that "mandatory withdrawal hinges 'on the presence of substantial and material questions of federal law.'" *One Longhorn Land I, L.P. v. Presley*, 529 B.R. 755, 759 (C.D. Cal. 2015) (quoting *Sec. Farms*, 124 F.3d at 1008 n.4). Accordingly, "mandatory withdrawal is required only when [non-title 11] issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *In re Tamalpais Bancorp*, 451 B.R. 6, 8-9 (N.D. Cal. 2011) (alteration in original) (citation omitted) (collecting cases).

"The mandatory withdrawal provision should be construed narrowly so as to avoid creating an 'escape hatch' by which bankruptcy matters could easily be removed to the district court.'" *In re Solano*, 2017 WL 8180597, at *2 (C.D. Cal. June 19, 2017) (quoting *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 214 (C.D. Cal. 2014)). Courts analyze on a case-by-case basis "[w]ether a particular claim presents 'complicated [and] interpretive' issues of federal law, and whether resolution of those issues is necessary to resolve the proceeding." *In re City of San Bernardino, California*, 2015 WL 6957998, at *3 (C.D. Cal. Nov. 10, 2015) (second alteration in original) (citation omitted).

### 1. The Trustee's Ability to Step into the IRS's Shoes for Statute of Limitations Purposes Is a Question of Bankruptcy Law and Does Not Require Substantial and Material Analysis

The ability of the trustee to step into the shoes of the IRS is squarely a matter of bankruptcy law. 11 U.S.C. § 544(a) authorizes a trustee to step into the shoes and have "the rights and powers" of the debtor's creditors, while § 544(b)(1) allows a trustee to avoid the transfer of an interest of the debtor that is voidable under

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

applicable law by a creditor holding an unsecured claim.  The question Defendants present—whether by stepping into the shoes of the IRS, an unsecured creditor in this case, Plaintiff is also subject to the ten-year limitations period that the IRS enjoys— requires interpretation of the extent of the powers granted under § 544(b) to avoid a transfer of an interest on behalf of a creditor, but does *not* require interpretation of any portion of 26 U.S.C. § 6502.  *See In re Tamalpais Bancorp*, 451 B.R. at 8-9 (collecting cases and making the distinction between interpreting and applying a statute).  This is not a situation where 26 U.S.C. § 6502 must be interpreted to determine what statute of limitations applies to the IRS.

The case law cited by Defendants confirms this, stating that "[t]here is a split of authority on whether a trustee can step into the shoes of the IRS *under § 544(b)* and utilize the IRS ten-year collection window."  *In re Kipnis*, 555 B.R. 877, 881 (Bankr. S.D. Fla. 2016) (emphasis added).  Similarly, *In re Vaughan Co.*, the only other case cited by Defendants on this issue, which concluded that a trustee cannot utilize the IRS ten-year collection window, also couches its analysis as interpretation of 11 U.S.C. § 544.  498 B.R. 297, 305-06 (Bankr. D.N.M. 2013) ("*Based on the text of Section 544(b)*, the Court is unwilling to draw an inference that Congress" intended to extend the IRS's ten-year collection window and immunity from state statutes of limitations to chapter 7 trustees (emphasis added)).  Accordingly, Defendants have provided no case law establishing that the interpretation of the nature of powers conferred on a trustee under 11 U.S.C. § 544 is somehow a question of non-title 11 law, let alone a substantial and material question.  Indeed, in both *Kipnis* and *Vaughan*, the bankruptcy court addressed the very issues Defendants premise their withdrawal motion upon, which suggests that such issues are appropriate for consideration by the bankruptcy court.

Further, assuming arguendo that Defendants had shown that this was a non-title 11 issue, the existence of a single out-of-circuit case (*Vaughan*) does not, standing alone, establish that the bankruptcy court will be required to "undertake

Miller Barondess, llp
Attorneys at Law
1999 Avenue of The Stars, Suite 1000  Los Angeles, California 90067
Tel: (310) 552-4400   Fax: (310) 552-8400

1    analysis of significant open and unresolved issues regarding the non-title 11 law" or

2    that interpretation, rather than application, of such law is required.  There is near

3    unanimity that a trustee stepping into the shoes of the IRS pursuant to 11 U.S.C.

4    § 544 also is entitled to the 10-year statute of limitations.  *See In re CVAH, Inc.*, 570

5    B.R. 816, 834 (Bankr. D. Idaho 2017) ("[A] clear majority of courts that have

6    considered the question have held that when a bankruptcy trustee steps into the

7    shoes of IRS under § 544 (b)(1), the trustee is likewise immune to the time limits in

8    state statutes, just as IRS would be.") (collecting cases in footnote).  Accordingly,

9    even if this was a question involving interpretation of non-title 11 law, which it is

10   not, it does not require "analysis of significant open and unresolved issues,"

11   *Tamalpais Bancorp*, 451 B.R. at 8 (citation omitted), nor does it involve "substantial

12   and material analysis" of those questions, *One Longhorn Land I,* 529 B.R. at 760.

13   Rather, it involves applying the view expressed by "a clear majority of courts," and

14   Defendants have only cited a single out-of-circuit case in an attempt to manufacture

15   an unresolved issue where there is none.  In any event, the issue Defendants are

16   manufacturing is one involving interpretation of bankruptcy law, as demonstrated by

17   their own case law.

18           **2.      Whether the Assessment of a Tax Is a Prerequisite to**

19                   **Initiation of a Suit to Collect on Such Tax Does Not Require**

20                   **Substantial and Material Analysis of Non-Title 11 Law**

21           Defendants' second argument for mandatory withdrawal merely identifies an

22   issue on which there is no Ninth Circuit precedent.  However, Defendants make no

23   attempt to demonstrate how resolution of whether an assessment needs to be made

24   against a transferee before the IRS may commence a collection action against the

25   same is relevant to this case, let alone material.  In particular, Defendants have not

26   presented any evidence that the IRS did not do an assessment here.  Defendants

27   have not carried their burden of persuasion on this point.  *See First All. Mortgage*,

28   282 B.R. at 902.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

Moreover, there is no dispute that the IRS is a creditor with unsecured claims against the debtor, that it has assessed taxes against the debtor, and can pursue recovery against transferees under 26 U.S.C. § 6901(a)(1)(A).  (*See* Ex. 2.)  Nor is there any dispute that the Trustee, by operation of 11 U.S.C. § 544(b), may step into the shoes of the IRS and avoid the transfer of interest in property or any obligation incurred by the debtor that is voidable by the IRS under applicable law.  Thus, the assessment issue is not in question here.

Further, while the court in *CVAH* stated that it was "unaware of any Ninth Circuit precedent" on the issue of whether an assessment must be made against a transferee before the IRS may commence a collection action, it noted that it was "aware of at least two circuit courts that have considered" the issue and both held that an assessment was not necessary, and concluded that "[s]ince outside of bankruptcy, IRS could have commenced a court proceeding to avoid the transfers in question without making an assessment against the defendants," "an assessment against a transferee is not a condition precedent to IRS, or in this case, a bankruptcy trustee standing in the shoes of the IRS, commencing a collection action against a transferee."  *CVAH*, 570 B.R. at 837.

Defendants present no case law in this Circuit that holds otherwise.  In the absence of such authority, Defendants contend that any time a trustee stands in the shoes of the IRS under 11 U.S.C. § 544, it becomes necessary to determine the IRS's rights and powers under the Internal Revenue Code, thereby triggering mandatory withdrawal.  This argument, too, is not supported by any authority.  Moreover, accepting this argument would lead to the absurd result that a bankruptcy trustee could never step into the shoes of the IRS under 11 U.S.C. § 544 without triggering mandatory withdrawal to the district court.

### 3.   The Motion to Withdraw Is Premature

Even if Defendants had identified issues that could trigger mandatory withdrawal of the reference, their Motion would still be premature.  Courts in the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING TO THE BANKRUPTCY COURT

1   Ninth Circuit have held that even where non-title 11 statutes require substantial and
2   material consideration, "a district court may allow the bankruptcy court to retain
3   jurisdiction for all pretrial matters and allow a party moving for withdrawal of the
4   reference to renew the motion only if the matter goes to trial." *Szanto v. Santo*,
5   2019 WL 1932366, at *7 (D. Or. May 1, 2019) (collecting cases).  This is because
6   "[a] district court . . . might decide that a case is unlikely to reach trial, that it will
7   require protracted discovery and court oversight before trial . . . and therefore might
8   conclude that the case at that time is best left in the bankruptcy court." *Id*. (quoting
9   *In re Bradford*, 2019 WL 96221, at *4 (D. Idaho Jan. 3, 2019)); *see also Franchise*
10  *Mgmt. Servs., Inc. v. Righetti Law Firm, P.C.*, 2009 WL 3254442, at *3-4 (S.D. Cal.
11  Sept. 30, 2009) (finding "it appropriate to postpone withdrawing the reference until
12  it becomes clear that this case will proceed to trial" because, among other
13  considerations, "the bankruptcy court is uniquely qualified to conduct discovery and
14  pre-trial proceedings in this case since core proceedings are at issue" and thus
15  denying the motion to withdraw without prejudice to renewal "if it becomes clear
16  that the case will proceed to trial").

17         Here, even if the District Court were to consider the question of whether the
18  Trustee may enjoy the benefit of the 10-year statute of limitations provided under 26
19  U.S.C. § 6502(a)(1) to require significant analysis of non-title 11 law, it is not clear
20  that the Bankruptcy Court will even need to decide this issue, as Plaintiff asserts that
21  its claims are also timely pursuant to the doctrine of adverse domination.
22  Defendants cite no authority for their suggestion that Plaintiff must "put all of his
23  statute of limitation eggs in the adverse domination basket" (Mot. at 9) to avoid
24  mandatory withdrawal.  In fact, "it is not uncommon for district courts to defer
25  withdrawal of the reference to allow the bankruptcy court to handle a proceeding
26  until such time as the district court determines that the bankruptcy court may not do
27  so." *In re Nw. Inst. of Psychiatry, Inc.*, 268 B.R. 79, 84 (Bankr. E.D. Pa. 2001).
28  Accordingly, it would be well within this Court's discretion to take a "wait and see"

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

approach to allow the Bankruptcy Court to oversee discovery and pre-trial proceedings in the Adversary Proceeding, particularly because, as explained below, they feature "core" claims with respect to which the Bankruptcy Court has substantial expertise.

For the foregoing reasons, Defendants' mandatory removal arguments are all without merit and attempt to manufacture non-title 11 disputes of law where no material and substantial disputes exist.

## B.   There Is Not Good Cause Supporting Permissive Withdrawal

Section 157(d) also provides for permissive withdrawal of cases referred to the bankruptcy court.  "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  "To determine whether cause for permissive withdrawal exists, a district court 'should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.'"  *Temecula Valley Bancorp*, 523 B.R. at 214–15 (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).  Next, the court "should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  *Sec. Farms*, 124 F.3d at 1008.  "Permissive withdrawal is permitted only in a limited number of circumstances" in which the foregoing factors weigh in favor of withdrawal.  *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 223 (D. Haw. 2006); *accord In re John Christopher O'Connor USBC Cent. Dist. of Cal. Los Angeles*, 2016 WL 1718366, at *3 (C.D. Cal. Apr. 29, 2016).

### 1.   "Core" Claims Predominate the Adversary Proceeding

Under section 157(b)(2), bankruptcy courts are empowered to enter a final judgment on "core" proceedings, including "proceedings to . . . recover fraudulent conveyances."  *See* 28 U.S.C. § 157(b)(2)(H).  In the wake of the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), however, the Ninth Circuit held

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

that bankruptcy courts lack the constitutional authority to enter final judgments on fraudulent conveyance claims asserted against noncreditors to the bankruptcy estate. *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (9th Cir. 2012), *aff'd*, 573 U.S. 25 (2014).  The Supreme Court thereafter clarified that these so called "*Stern* claims*" may proceed under the procedure set forth in 28 U.S.C. § 157(c)(1), whereby a bankruptcy judge "hearing" a non-core proceeding may submit proposed findings of fact and legal conclusions to the district court for *de novo* review.  *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 38 (2014).

In this case, Defendants are both claimants in the bankruptcy case.  (*See* Ex. 3 at 193 (unsecured claim by Cavanaugh), 222 (unsecured claims by Kosmides).) Accordingly, Plaintiff's fraudulent transfer claims against them are core claims, not *Stern* claims.  *See also In re: KSL Media, Inc.*, 2016 WL 74385, at *8 (C.D. Cal. Jan. 6, 2016) (distinguishing fraudulent transfer claims against noncreditors from claims against defendants who "may be entitled to priority fee payments, making them more like claimants than nonclaimants in the bankruptcy proceedings," and holding that fraudulent transfer claims against the defendants were not *Stern* claims but rather were "core proceedings that the bankruptcy court may finally adjudicate, and this factor accordingly weighs in favor of denying withdrawal at this time"). The "for cause" factors enumerated below therefore dictate that the Adversary Proceeding should remain in the Bankruptcy Court and that this Motion should be denied.

## 2. <u>Considerations of Efficient Use of Judicial Resources, Delay and Costs to the Parties, and Uniformity of Bankruptcy Administration Weigh Against Withdrawal of the Reference</u>

Defendants' argument that considerations of judicial efficiency tip in favor of withdrawal hinges on their brazen assertion that "it seems almost certain that Judge Clarkson will need to be disqualified from presiding over the Adversary Proceeding pursuant to 28 U.S.C. § 455." (Mot. at 12.)  This is hubris of the highest order given

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   the fate of their first filed recusal motion and because Plaintiff had not yet filed his

2   opposition to Defendants' Second Recusal Motion at the time they moved this Court

3   to withdraw the reference.  No matter, say Defendants, because they next argue that

4   the fact Plaintiff had not had an opportunity to oppose the Second Recusal Motion

5   further weighs in favor of permissive withdrawal, as "withdrawal of the reference of

6   the Adversary Proceeding would moot the Second Recusal Motion, thus eliminating

7   the need for any further briefing, a hearing, and a ruling on whether Judge Clarkson

8   should be disqualified." (*Id.*)  Defendants cite no case in which a court has

9   embraced a movant's self-serving prognostications regarding a pending motion to

10   recuse the currently assigned judge as grounds for permissive withdrawal of a

11   reference to the bankruptcy court.

12        Since Defendants filed the present Motion, Plaintiff has opposed the Second

13   Recusal Motion.  (Ex. 4 (Adv. Dkt. No. 110).)  While the District Court need not

14   (and should not) weigh in on the likely outcome of Defendants' motion to disqualify

15   Judge Clarkson, suffice it to say that it is far from "certain" that it will be granted.

16   Indeed, Judge Clarkson, during the hearing on Defendants' Emergency Motion for

17   Continuance, unequivocally stated that he was not biased against Defendants.  (Ex.

18   1 at 36:19–20, 39:1–10).)  He further stated that any discussion of the D&O Claims

19   during the mediation was in "passing" and extremely limited in scope, further

20   undermining Defendants' argument that his impartiality in the Adversary

21   Proceeding could reasonably be questioned based on his service as a mediator

22   before the bankruptcy cases were converted to Chapter 7.  (*Id.* at 37:17–38:7.)

23        Other than their argument premised on what Defendants admit amounts to

24   "prematurely handicapping" (Mot. at 12) their own motion to recuse Judge

25   Clarkson, Defendants do not even attempt to argue that withdrawal of the reference

26   of this case would promote judicial efficiency.  This is unsurprising because

27   multiple factors suggest that it would be more efficient for the Bankruptcy Court to

28   retain this case.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

As an initial matter, the Adversary Proceeding is a "core" proceeding because Plaintiff has brought claims pursuant to 11 U.S.C. §§ 544, 548, 550, and 551 to avoid, recover, and preserve fraudulent transfers. *See* 28 USC § 157(c)(1)–(2). "The existence of core matters weighs in favor of resolution of the adversary proceeding by the bankruptcy court." *In re GTS 900 F, LLC*, 2010 WL 4878839, at *4 (C.D. Cal. Nov. 23, 2010) (quoting *Hawaiian Airlines*, 355 B.R. at 223). This is because "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues" presented. *Id.* (quoting *Orion Pictures Corp.*, 4 F.3d at 1101).

In addition, Judge Clarkson has presided over Debtors' bankruptcy cases since July 2020, and is thus well versed in the Debtors' organizational structure, historical business issues, and insolvency woes, all of which are relevant to the claims asserted in the Adversary Proceeding. This too suggests that judicial efficiency will be served by allowing the Bankruptcy Court to retain jurisdiction over this Adversary Proceeding. *See In re Healthcentral.com*, 504 F.3d 775, 787–88 (9th Cir. 2007) (observing that "making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them" promotes judicial economy). Indeed, even when "the Adversary Proceeding has not been pending for a significant amount of time, given the bankruptcy court's familiarity with the parties and the legal issues," district courts routinely recognize "that it would be more efficient for the bankruptcy court to make decisions in the first instance." *O'Connor*, 2016 WL 1718366, at *3. The Bankruptcy Court's expertise with respect to core Title 11 claims will also reduce costs and delay to the parties and promote uniformity of bankruptcy administration. *See In re Bryanna Cooper*, 2018 WL 11277403, at *3 (C.D. Cal. Nov. 28, 2018) ("Because the 'fraudulent conveyance claims arise under federal bankruptcy law and would not exist absent the bankruptcy proceeding,' the Bankruptcy Court's expertise in Title 11 claims will

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  foster the efficient use of judicial resources and reduce delay and costs to the parties.

2  The Court therefore finds that these two factors weigh against withdrawing the

3  reference at this time.  Because the claims arise under bankruptcy law, uniformity of

4  bankruptcy administration also favors keeping the case with the Bankruptcy Court

5  until trial." (quoting *O'Connor*, 2016 WL 1718366, at *3)).

### 3.  Defendants Are Forum Shopping, Which Weighs Against Withdrawal

8  Defendants' Motion is part of a multi-prong effort to prevent Judge Clarkson

9  from presiding over this case.  As previously noted, Defendants moved to recuse

10  Judge Clarkson from the main bankruptcy case in September 2020 based on his

11  participation in Mediation Sessions focused on formulating and negotiating a joint

12  Chapter 11 plan prior to the conversion of the case to Chapter 7.  Having lost their

13  First Recusal Motion, Plaintiffs moved to recuse Judge Clarkson from presiding

14  over the Adversary Proceeding based on the same dubious argument.  Defendants'

15  preference that Judge Clarkson not rule on issues in this case is not good cause for

16  withdrawal.  *See In re Sula, Inc.*, 2016 WL 3090300, at *3 (C.D. Cal. May 31, 2016)

17  (denying withdrawal motion in part because "the court has serious concerns that the

18  instant Motion is nothing more than forum-shopping on the part of debtor");

19  *Feldman as Tr. of Estate of Image Masters, Inc. v. ABN AMBRO Mortg. Grp., Inc.*,

20  2020 WL 618604, at *4 (E.D. Pa. Feb. 10, 2020) ("Courts should employ

21  withdrawal judiciously 'in order to prevent it from becoming just another litigation

22  tactic for parties eager to find a way out of bankruptcy court.'" (quoting *400 Walnut*

23  *Assocs., L.P. v. 4th Walnut Assocs., L.P.*, 2015 WL 390455, at *4 (E.D. Pa. Jan. 28,

24  2015)).

### 4.  Plaintiff's Demand for a Jury Trial Does Not Warrant Immediate Withdrawal

27  Defendants argue that Plaintiff's demand for a jury trial militates in favor of

28  withdrawal.  Defendants ignore that the Ninth Circuit has held that "a Seventh

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO WITHDRAW REFERENCE OF ADVERSARY
PROCEEDING TO THE BANKRUPTCY COURT

Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court." *Healthcentral.com*, 504 F.3d at 787.  "Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters" because first, a "bankruptcy court's pre-trial management will likely include matters of 'discovery,' 'pre-trial conferences,' and routine 'motions,' which obviously do not diminish a party's *right* to a jury trial" and "[s]econd, requiring that an action be immediately transferred to district court simply because of a *jury trial right* would run counter to our bankruptcy system" which "has empowered the bankruptcy courts to 'hear' Title 11 actions" given "the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *Id*. at 787-88 (citations omitted).  "*[I]mmediate* transfer to district court simply because there is *a jury trial right* . . . would effectively subvert this system." *Id*. at 788.  Indeed, the bankruptcy court's handling of pretrial matters before a district court conducts trial is governed by a "well-worn procedure" that "serves judicial economy and takes advantage of the bankruptcy court's special competency in bankruptcy law and its familiarity with the underlying facts of the cases already before it." *Ferlmann v. Prasad*, 2016 WL 427019, at *3 (E.D. Cal. Feb. 4, 2016).

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Trustee respectfully requests that Defendants' motion for withdrawal of the reference under 28 U.S.C. § 157(d) be denied.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING TO THE BANKRUPTCY COURT

1    DATED:  May 17, 2021          Respectfully submitted,

2                                  MILLER BARONDESS, LLP

3

4

5    By: _____

6              CHRISTOPHER D. BEATTY
              Attorneys for Chapter 7 Trustee
7              RICHARD A. MARSHACK

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO WITHDRAW REFERENCE OF ADVERSARY
PROCEEDING TO THE BANKRUPTCY COURT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400