UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-00845-SVW; 8:21-ap-01014; 8:18-bk-13311-SC | Date | June 2, 2021 |
|---|---|---|---|
| Title | *In re Ruby's Diner, Inc.*<br>*Richard A. Marshack v. Douglas Cavanaugh et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER DENYING MOTION TO WITHDRAW REFERENCE [12]

### I.   Introduction

Before the Court is a motion to withdraw reference to the bankruptcy court under 28 U.S.C. § 157(d) filed by Defendants in an adversary proceeding.  For the reasons stated below, the motion is DENIED.

### II.   Factual and Procedural Background

Debtor Ruby's Diner, Inc. ("RDI") filed a chapter 11 bankruptcy petition on September 5, 2018.  *See* Defendants' Request for Judicial Notice ("DRJN"), Dkt. 4, Ex. 2, BK Dkt. 1.  Judge Clarkson conducted several mediation sessions.  *Id.* Exs. 6-7.  However, no plan of reorganization was ultimately confirmed.  On debtor's motion, the case was converted to a chapter 7 proceeding.  BK Dkt. 571, 577.

On March 11, 2021, Plaintiff Chapter 7 Trustee Richard A. Marshack commenced this adversary proceeding against Defendants Douglas Cavanaugh, Ralph Kosmides, and numerous corporate entities.  *See* DRJN, Dkt. 4, Ex. 4, Adv. Dkt. 1.  The adversary proceeding was assigned to Judge Scott C. Clarkson.  A First Amended Complaint ("FAC") was filed on April 29, 2021.  Adv. Dkt. 76.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00845-SVW; 8:21-ap-01014; 8:18-bk-13311-SC | Date | June 2, 2021 |
| Title | *In re Ruby's Diner, Inc.* <br> *Richard A. Marshack v. Douglas Cavanaugh et al.* | | |

The FAC alleges Defendants Cavanaugh and Kosmides, RDI's only shareholders, fraudulently transferred RDI funds to themselves in the form of personal loans; and that they usurped corporate opportunities and used RDI assets to support their independent business ventures. *See* DRJN, Ex. 1, FAC ¶ 40. The FAC asserts causes of action for breach of fiduciary duty, avoidance and recovery of actual and constructive fraudulent transfers, recovery of illegal dividends, equitable subordination, breach of contract, money lent, open book account, Cal. Pen. Code § 496(c), accounting, constructive trust, and misappropriation of trade secrets. *See* FAC.

The FAC seeks to recover fraudulent transfers dating back 10 years based on the statute of limitations applicable to the IRS. *Id.* ¶ 40. The IRS has filed proofs of claims in the underlying bankruptcy case. *See* Plaintiff's Request for Judicial Notice ("PRJN"), Dkt. 16, Ex. 2.

Defendants filed a motion to recuse Judge Clarkson from the bankruptcy case on July 31, 2020, based on Judge Clarkson's participation in the mediation, and the motion was denied on September 23, 2020. BK Dkt. 860. Defendants filed another motion to recuse Judge Clarkson from presiding over the adversary proceeding on April 27, 2021. Adv. Dkt. 53.

Defendants then filed this motion to withdraw the reference on May 6, 2021. Dkt. 1.

### III. Legal Standard

28 U.S.C. § 157(d) provides that, in certain circumstances, a case referred by the district court to the bankruptcy court may be transferred back to the district court by withdrawing the reference. Withdrawal under section 157(d) can be mandatory or permissive. The burden of persuasion is on the party seeking withdrawal. *See In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011) (citing *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 218 (D. Haw. 2006)).

### IV. Mandatory Withdrawal

Withdrawal is mandatory under 28 U.S.C. § 157(d) "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Numerous courts have held that withdrawal

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-00845-SVW; 8:21-ap-01014; 8:18-bk-13311-SC | Date | June 2, 2021 |
|---|---|---|---|
| Title | *In re Ruby's Diner, Inc.*<br>*Richard A. Marshack v. Douglas Cavanaugh et al.* | | |

is only mandatory where a case presents issues that require the interpretation as opposed to mere application of a non-title 11 statute. *See In re Tamalpais Bancorp*, 451 B.R. at 8-9 (collecting cases). In *dicta*, the Ninth Circuit has stated that "mandatory withdrawal hinges 'on the presence of substantial and material questions of federal law.'" *One Longhorn Land I, L.P. v. Presley*, 529 B.R. 755, 759 (C.D. Cal. 2015) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 n.4 (9th Cir. 1997)).

Defendants argue that withdrawal is mandatory because Plaintiff's effort to invoke the ten-year statute of limitations enjoyed by the IRS requires consideration of provisions of the Internal Revenue Code, namely 26 U.S.C. §§ 6502(a)(1) and 6901(a). Dkt. 1 ("Mot."), at 8-9.

Defendants have failed to demonstrate that the FAC presents issues requiring interpretation, as opposed to application, of provisions of the Internal Revenue Code. The basis for Plaintiff's argument that the ten-year IRS statute of limitations applies is a provision of the Bankruptcy Code. Specifically, 11 U.S.C. § 544(b) states that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." Most courts have held that section 544(b) allows the trustee to step into the shoes of the IRS and enjoy the ten-year statute of limitations in 26 U.S.C. § 6502(a)(1). *See In re CVAH, Inc.*, 570 B.R. 816, 834 (D. Idaho 2017) ("[A] clear majority of courts that have considered the question have held that when a bankruptcy trustee steps into the shoes of IRS under § 544(b)(1), the trustee is likewise immune to the time limits in state statutes, just as IRS would be."); *In re Kipnis*, 555 B.R. 877, 881-83 (S.D. Fla. 2016). Although one court has held that section 544(b) does not allow the trustee to use the 10-year IRS statute of limitations, *see in re Vaughan Co.*, 498 B.R. 297 (Bankr. D.N.M. 2013), this question turns on interpretation of the trustee's powers under 11 U.S.C. § 544(b) rather than any interpretation of 26 U.S.C. § 6502(a)(1) or 6901(a).

Defendants' remaining arguments are unavailing. Defendants in vague terms suggest that the Internal Revenue Code must be interpreted to determine when the ten-year limitations period in section 6502 begins to run, and whether the trustee can stand in the shoes of the IRS for purposes of 11 U.S.C. § 544(b) as to unassessed claims. Defendants have not met their burden to show that any interpretation of

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00845-SVW; 8:21-ap-01014; 8:18-bk-13311-SC | Date | June 2, 2021 |
| Title | *In re Ruby's Diner, Inc.*<br>*Richard A. Marshack v. Douglas Cavanaugh et al.* | | |

the Internal Revenue Code is required to resolve these questions, as the issues instead appear to only raise significant questions about the trustee's powers under section 544(b).

Accordingly, the Court concludes that withdrawal is not mandatory under the circumstances.

**V.     Permissive Withdrawal**

"The district court may withdraw ... any case or proceeding referred under this section ... for cause shown." 28 U.S.C. § 157(d).  In assessing whether cause exists for permissive withdrawal, courts first analyze "whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *One Longhorn Land I, L.P.*, 529 B.R. at 762.  Permissive withdrawal is appropriate where "non-core issues predominate." *Id.* at 763 (quoting *Sec. Farms*, 124 F.3d at 1008).  Courts then consider other factors such as "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, [and] the prevention of forum shopping." *Sec. Farms*, 124 F.3d at 1008 (citation omitted).

The Court concludes that non-core issues do not predominate.  The FAC brings causes of action for actual and constructive fraudulent transfer, which are core proceedings. *See* 28 U.S.C. § 157(b)(2)(H).  While the FAC asserts numerous non-core claims, such as those relating to Defendants' alleged usurpation of corporate opportunities, it is far from clear that the non-core claims predominate.  In any event, the presence of some core claims weighs against permissive withdrawal, and the core/non-core distinction is not dispositive. *See Hawaiian Airlines, Inc.*, 355 B.R. at 223 ("The determination of whether claims are core or non-core is not dispositive of a motion to withdraw a reference.").

The relevant factors do not weigh in favor of withdrawing the reference.  First, efficiency favors keeping the case with the bankruptcy court at this stage, because the bankruptcy court is familiar with the factual background and substantive law related to Plaintiff's core claims.  Second, Defendants have not demonstrated that denying the motion to withdraw will increase delay and costs.  Third, uniformity of bankruptcy administration would be promoted by denying the motion because the bankruptcy court is simultaneously presiding over administration of the bankruptcy estate and has some familiarity with the issues.  Fourth, the Court finds relevant that the motion to withdraw comes after Defendants have filed

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-00845-SVW; 8:21-ap-01014; 8:18-bk-13311-SC | Date | June 2, 2021 |
|---|---|---|---|
| Title | *In re Ruby's Diner, Inc.* <br> *Richard A. Marshack v. Douglas Cavanaugh et al.* | | |

two motions to recuse Judge Clarkson, and forum shopping therefore appears to be a motivation for seeking to litigate in federal district court. These factors favor denying permissive withdrawal.

Defendants argue that permissive withdrawal is appropriate because they have demanded a jury trial and have not consented to entry of final judgment by the bankruptcy court. Mot. at 13-14. The Court agrees with Plaintiff that these arguments are premature. Should a jury trial be necessary, Defendants may renew their motion to withdraw at that point. *See Szanto v. Santo*, 2019 WL 1932366, at *7 (D. Or. 2019) (collecting cases). Moreover, if the bankruptcy court recommends entry of final judgment on a core claim subject to Article III limitations, *see Stern v. Marshall*, 564 U.S. 462 (2011), the district court can then conduct a de novo review of the bankruptcy court's proposed findings of fact and conclusions of law, *see Exec. Benefits Ins. Agency v. Arkinson*, 573 U.S. 25, 38 (2014). *See generally In re Zamora*, No. 2:20-cv-02390-SVW, Dkt. 31, at 6-11 (C.D. Cal. Mar. 13, 2021). These arguments therefore do not demonstrate that permissive withdrawal is warranted at this stage of the proceedings.

## VI. Conclusion

For the foregoing reasons, the motion to withdraw the reference is DENIED without prejudice.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |